# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BREWER, | : |
| Petitioner | : CIVIL ACTION NO. 3:20-1204 |
| v. | : (JUDGE MANNION) |
| SERGEANT MOSER, | : |
| Respondent | : |

## MEMORANDUM

Petitioner, Andre Brewer ("Petitioner"), originally filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in the United States District Court for the Western District of Pennsylvania. (Doc. 1). Petitioner challenges his conviction and sentence entered in the United States District Court for the District of Maryland. Id. On June 3, 2020, Respondents filed a response addressing the merits of the petition, as well as recommending that the action be transferred to the United States District Court for the Middle District of Pennsylvania, where Petitioner was confined. (Doc. 20). By Order dated July 10, 2020, the petition was transferred to the United States District Court for the Middle District of Pennsylvania, where it was received on July 14, 2020. (Doc. 21). The petition is ripe for disposition,

and for the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. **Background**

On September 3, 2014, Petitioner Brewer, along with eight co-conspirators, was charged in a single-count indictment, charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §846. See United States v. Brewer, No. 1:14-CR-0411 (D. of Maryland).

On February 4, 2015, a superseding indictment was returned, charging Brewer and nine co-conspirators with the same charge and adding a forfeiture count. Id.

On October 26, 2015, Brewer pled guilty to the single-count superseding indictment. Id. On January 28, 2016, he was sentenced to a term of 156 months imprisonment, followed by five years of supervised release. Id. No collateral challenge to his conviction and sentence was filed.

On April 2, 2019, Brewer filed the instant habeas corpus petition "under 28 U.S.C. §2241 "and §2255(e) 'the savings clause'." (Doc. 1). Brewer challenges his sentence pursuant to the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415, which held that a sentencing claim can be

raised via §2255's savings clause if it meets four requirements, id., at 428-29. In Wheeler, at 429-34 the Court held that it is a fundamental defect when an inmate receives a sentence with an erroneously increased mandatory minimum, and that such a claim can be raised via a §2241 petition through the §2255(e) savings clause. Brewer also seeks relief under the First Step Act, generally arguing that Section 401 of the Act's change in the definition of "serious drug offense" in 21 U.S.C. §802(44) affects his sentence. Id.

## II. Discussion

### A. Section 2255

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has

previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had

no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. Section 2241 is not available for intervening changes in the law of sentencing. Okereke, 307 F.3d at 120. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that an Alleyne[1] claim cannot be raised in a §2241 petition); Upshaw v. Warden Lewisburg USP, 634 Fed. App'x. 357 (3d Cir. 2016) (finding claims of sentencing error asserted under Alleyne, 133 S.Ct. 2151, and Burrage v. United States, 134 S.Ct. 881 (2014), could not be raised via §2241 even though these claims were previously foreclosed by circuit precedent).

Petitioner has not alleged actual innocence based on a change in

---

[1] Alleyne v. United States, 133 S.Ct. 2151 (2013). "In Alleyne, 133 S.Ct. 2151, the Supreme Court mirrored its opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' Alleyne, 133 S.Ct. at 2155 (citation omitted)." Gardner, 845 F.3d at 101.

statutory interpretation by the Supreme Court, made retroactive in cases on collateral review, but rather he alleges an error in sentencing. As such, his reliance on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), a Fourth Circuit court case that is not binding on this Court. Under Bruce, only an intervening Supreme Court decision can be used to establish jurisdiction under §2241. Bruce at 868 F.3d at 180-81(applying Third Circuit precedent in determining whether a §2241 habeas can be entertained); Brown v. Sage, 2018 WL 4265705, at *3-5 (3d Cir. Sept. 7, 2018) ("As we have often explained, panels of our Court are bound by the precedent of prior panels, as are the district courts in our Circuit."); Valspar Corp. v. E.I. Du Pont Nemours and Co., 873 F.3d 185, 203 (3d Cir. 2017) (explaining that the district court was bound by Third Circuit precedent). Third Circuit law accordingly governs whether this Court has jurisdiction to entertain Brewer's §2241 petition.

While the Fourth Circuit has held that a sentencing claim can be raised in a §2241 petition under the savings clause, Wheeler, 886 F.3d at 429-34,4 the Third Circuit has not. Gardner, 845 F.3d at 102-103; Upshaw, 634 Fed. App'x. at 358-59; see also United States v. Wheeler, 2018 WL 2947929, at 1.n.1 (4th Cir. June 11, 2018) (statement of Judge Agee, in denial of petition for rehearing *en banc*, observing that the Third Circuit has only adopted a

saving clause analysis in the context of actual innocence of the offense of conviction).

As result, Brewer's §2241 petition will be dismissed for lack of jurisdiction. Id.

## B. First Step Act of 2018

Brewer seeks resentencing under the terms of the First Step Act of 2018, arguing that Section 401 of the Act's change in the definition of "serious drug offense" in 21 U.S.C. §802(44) affects his sentence.

Initially, the Court notes that Section 401 does not apply retroactively: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, **if a sentence for the offense has not been imposed as of such date of enactment**." Id. at §401(c) (emphasis added). Petitioner was sentenced in January 2016, two years before the enactment of the First Step Act of 2018. Thus, because a sentence had been imposed against Brewer, Section 401 does not apply here, and Brewer is not eligible for relief.

Secondly, even if Brewer could seek relief by way of the First Step Act, he has made no attempt to meet his burden of demonstrating that a motion under §2255 is inadequate or ineffective to challenge the legality of his detention. As noted above, sentencing claims "[do] not fall within the purview

of the [Dorsainvil] savings clause." Adderly v. Zickefoose, 459 Fed. Appx. 73, 75 (3d Cir. 2012). Therefore, Petitioner may not rely upon §2241 to raise his claim that he is actually innocent of his sentence. See, e.g., Murray v. Warden Fairton FCI, 710 Fed. Appx. 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in §2255 motions."); Jackson v. Warden of Facility USP-Allenwood, 2020 WL 473411, at *3 (M.D. Pa. Jan. 29, 2020) (dismissing inmate's §2241 petition raising claim for relief under the First Step Act for lack of jurisdiction); Johnson v. White, 2020 WL 416849, at *2 (M.D. Pa. Jan. 27, 2020) (same); Gordon v. United States, 2019 WL 5864492, at *3-4 (M.D. Pa. Nov. 8, 2019) (same). Thus, the Court will dismiss Brewer's First Step Act claim for lack of jurisdiction as well.

### III. Conclusion

For the foregoing reasons, Brewer's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 30, 2020**
20-1204-01